UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fredrick Dewayne Hines,

    Plaintiff,

v.

Michelle Smith, Tammy Wherely, David Rhesuis, Shar Mike, Sherilinda Wheeler, Unknown Magadanz, and Dan Meyer,

    Defendants.

Case No. 16-cv-3797 (DSD/SER)

REPORT AND RECOMMENDATION

---

STEVEN E. RAU, United States Magistrate Judge

This matter is before the Court on Plaintiff Fredrick Dewayne Hines's ("Hines") First Motion for Preliminary Injunction [Doc. No. 18];[1] Defendants' Motion to Dismiss [Doc. No. 49], Hines's Motions to Amend [Doc. No. 68, 80, 97],[2] and Hines's Motion for Preliminary Injunction ("Second Motion for Preliminary Injunction") [Doc. No. 99]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Motions for Preliminary Injunction, denying as moot the Motion to Dismiss, and granting Hines's Motions to Amend.

---

[1] Although not labeled as such, in an abundance of caution, the Court will construe the document Hines filed titled "Memorandum of Law in Support of Preliminary Injunction & a Temporary Restraining Order Pursuant to Rule 65" [Doc. No. 18] as the First Motion for Preliminary Injunction.

[2] Despite the titles of these documents provided by Hines, all of these documents seek the Court's permission to amend the complaint. *See* [Doc. Nos. 68, 80, 97]. Therefore, the Court refers to each one as a "Motion to Amend" with its corresponding document number assigned by CM/ECF.

## I.     BACKGROUND

### A.     Factual Background

Hines is a prisoner confined in Minnesota Correctional Facility – Oak Park Heights ("MCF-OPH"). (Compl.) [Doc. No. 1 ¶ 3]. He alleges that the Minnesota Department of Corrections (the "DOC") transferred him from the Minnesota Correctional Facility in Stillwater ("MCF-Stillwater") to MCF-OPH allegedly because of "bed space." (*Id.* ¶¶ 11, 13). Hines nevertheless alleges the real reason he was transferred was in retaliation for his filing of federal lawsuits.[3] *See* (*id.* ¶¶ 11, 41, 60, 105).

Hines alleges inmates assigned to cells near him are located there in order to intimidate or kill him. *See* (*id.* ¶¶ 18–28, 31, 38, 42, 51, 56, 58, 60, 62–63, 77, 80, 134, 136, 137). Hines alleges that he informed various MCF-OPH employees about the threats on his life, but they took no action. (Compl. ¶¶ 29–30, 39, 45, 48–49, 55–56, 92, 121, 131–32). Instead, Hines alleges that they took further action that endangered his life, such as trying to move him to various areas within MCF-OPH and conspiring with each other and with other inmates to kill him in retaliation for filing a lawsuit. (*Id.* ¶¶ 31, 34, 37–39, 41–42, 56–57, 60, 63, 65, 68, 106, 108, 141, 147).

As a result of the actions described above, Hines alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶¶ 151–57). Hines seeks (1) declaratory judgment; (2) an injunction ordering him to be transferred to one of three specific facilities, that Defendants and other DOC employees be prohibited from harassing him, filing false reports, opening his mail, and retaliating against him; and (3) compensatory and punitive damages. (*Id.* at 32–34).

---

[3]    Specifically, Hines refers to a federal lawsuit where some of the claims Hines makes in this lawsuit were dismissed without prejudice. (Compl. ¶¶ 30, 68); *see Hines v. Roy*, No. 16-cv-352 (DSD/SER), 2016 WL 7163589 (D. Minn. Nov. 11, 2016) (Rau, Mag. J.), *adopted by* 2016 WL 7155738 (Dec. 7, 2016) (Doty, J.).

**B.     Procedural Background**

On December 14, 2016, Hines filed a document that the Court construes as a motion for preliminary injunctive relief. (First Mot. for Prelim. Inj.). Defendants responded at the same time they filed their Motion to Dismiss, on April 14, 2016. *See* (Mem. of Law Opposing Pl.'s Mot. for Prelim. Injunctive Relief, "Mem. in Opp'n to First Mot. for Prelim. Inj.") [Doc. No. 54]. Hines moved for the appointment of counsel,[4] and purported to file a motion to amend the complaint on May 23, 2017, which Defendants opposed because it contained insufficient information to determine whether an amended or supplemental complaint would be appropriate. (Mot. for Appointment of Counsel) [Doc. No. 58]; (Mot. to Amend–68); (Mem. of Law in Resp. to Pl.'s Mot. to Amend Compl.) [Doc. No. 72]. On June 19, 2017, Hines filed his Memorandum of Law in Opposition to Defendants' Motion to Dismiss. [Doc. No. 78]. On the same day, Hines again moved to amend his complaint, providing only a list of defendants and additional exhibits. *See* (Mot. to Amend–80); (Ex. List) [Doc. No. 82]. Defendants again opposed Hines's Motion to Amend because it contained only a list of Defendants. (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. (Doc. 80)) [Doc. No. 93]. On September 19, 2017, Hines filed what the Court construes as a third Motion to Amend, stating that he wants to abandon his previous attempts to amend his complaint, and seeks amendment on other grounds, namely adding claims that he was raped at MCF-OPH. (Mot. to Amend–97). Defendants have not responded to this most recent filing, likely because it was captioned as a memorandum, not a motion. On October 13, 2017, Hines filed a letter that the Court construes as Hines's Second Motion for Preliminary Injunction, to which Defendants have not yet had an opportunity to respond. The Court considers the most

---

[4]     The Motion for the Appointment of Counsel was addressed in a separate order. (Order Dated Oct. 19, 2017) [Doc. No. 102].

recent Motion to Amend and the Second Motion for Preliminary Injunction *sua sponte*, even though they are not fully briefed.

In short, before the Court are three issues: Hines's requests for preliminary injunctive relief, Defendants' Motion to Dismiss, and Hines's requests to amend his Complaint. The Court first addresses Hines's requests for injunctive relief, then addresses the remaining motions.

## II.   MOTIONS FOR PRELIMINARY INJUNCTIONS

### A.   Legal Standard

A preliminary injunction is issued "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

> "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest."[5]

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (alterations in original) (quoting *Dataphase Sys. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Id.* "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471.

A preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison

---

[5] These factors are the same whether the relief sought is a preliminary injunction or temporary restraining order. *See, e.g.*, *S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to temporary restraining order analysis).

4

administration." *Goff*, 60 F.3d at 520 (internal quotation marks omitted); *see also Wickner v. Larson*, No. 09-cv-940 (DWF/JJK), 2010 WL 98940, at *2 (D. Minn. Jan. 11, 2010) (Keyes, Mag. J., as adopted by Frank, J.) (noting that reluctance to grant injunctive relief "is particularly pronounced where a state prisoner seeks relief in federal court").

  **B.**  **Analysis**

    **1.**  **First Motion for Preliminary Injunction**

"While no single [*Dataphase*] factor is determinative, the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (internal quotation marks and citations omitted). "[A]n injunction cannot issue if there is no chance of success on the merits." *Mid-Am. Real Estate Co. v. Iowa Realty Co., Inc.*, 406 F.3d 969, 972 (8th Cir. 2005); *see also CDI Energy Servs. Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009) (stating that "the absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied"); *McMahon v. Delta Air Lines, Inc.*, 830 F. Supp. 2d 674, 688 (D. Minn. 2011) (Schiltz, J.) ("If a party's likelihood of succeeding on the merits is sufficiently low, a court may deny a preliminary injunction even if the other three factors—irreparable harm, balance of harms, and the public interest—weigh in the party's favor."). Under the Eighth Amendment, a prison official can be held liable if he or she, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (internal quotation marks omitted).

Hines has not attempted to demonstrate his likelihood of success on the merits. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) ("The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors."); *Wickner*, 2010 WL 98940, at *3 ("Although Plaintiff has made conclusory allegations in his affidavit supporting his motion . . . ,

he has provided no legal support or evidence to support any likelihood of success on any of his claims asserted in his Amended Complaint against Defendants."). In the First Motion for Preliminary Injunction, Hines relies exclusively on his own conclusory, self-serving statements and declarations. Further—even assuming all of Hines's perceived threats are true—Defendants have demonstrated that they acted reasonably in response to his specific concerns. Hines has been assigned to segregation units at both MCF-Stillwater and MCF-OPH since February 2, 2015, due to his repeated violations of DOC rules. (Aff. of David Reishus, "Reishus Aff.") [Doc. No. 55 ¶¶ 3, 8]. Soon after his arrival at MCF-OPH, Hines reported incompatibility with another offender and that other offenders were harassing him and he feared for his safety. (*Id.* ¶ 11). Addtionally, staff reported an incident between Hines and another offender. (*Id.*). The DOC moved Hines to the Administrative Control Unit for his safety. (*Id.* ¶ 12). The DOC, through its Incompatibility Review Committee, investigated Hines's report and determined that the situation "did not rise to the level of an incompatibility." (*Id.* ¶ 18). Further, contrary to Hines's allegations, the record shows that the DOC responded to Hines's repeated concerns for his safety and encouraged Hines to continue reporting his concerns. *See, e.g.* (*id.* ¶¶ 19–21); (Exs.) [Doc. No. 5-1 at 12, 20].[6] The DOC offered various options to help Hines transition from segregation units and address his concerns. For example, the DOC offered to place Hines in Complex 1, which is a transitional unit in MCF-OPH "designed to increase [an] offender's socialization before entering general population." (Reishus Aff. ¶ 21). Hines was also offered placement in the Mental Health Unit as well as out-patient mental health services. (*Id.*). Hines refused all of these options. (*Id.*). The record demonstrates that although Hines is not satisfied with the DOC's investigations and responses to his concerns, the DOC is not deliberately indifferent to his needs.

---

[6]   For ease of reference, the Court refers to the page numbers assigned by CM/ECF when referencing the Exhibits filed at Document Number 5-1.

Thus, Hines has failed to demonstrate that he is likely to succeed on the merits of an Eighth Amendment claim. Because Hines's likelihood of success is low, preliminary relief is not warranted even if the remaining factors weigh in his favor. *See McMahon*, 830 F. Supp. 2d at 688.

Only one of the remaining factors, however, weighs in Hines's favor. The first *Dataphase* factor—the threat of irreparable harm to the movant—weighs in Hines's favor in light of the concerns for his safety. Defendants, however, as described above, are taking reasonable efforts to address these threats. Additionally, based on Defendants' investigation and Hines's conclusory assertions, it is not clear that his life is in as grave of danger as he perceives it to be.

The second factor—the balance of harms—weighs in favor of Defendants because, as they point out, "DOC staff are in the best position to determine Hines' security and safety in a housing assignment, as well as the impact the decision has on prison administrator's ability to safely and efficiently run the prison." (Mem. in Opp'n to First Mot. for Prelim. Inj. at 7). Defendants describe these procedures and detail their use of the procedures. *See* (Reishus Aff. ¶¶ 13–16). Further, the DOC determines where Hines resides based on his offense, history, conduct during incarceration, and other factors. (*Id.* ¶ 22); *see also* (Classification Sys., Div. Directive 202.100, DOC (Aug. 18, 2015), Ex. I, Attached to Reishus Aff.) [Doc. No. 55-9]. The Court agrees with Defendants' assertion that to allow Hines to select the location of his incarceration would allow him to circumvent the DOC's procedures and therefore "would jeopardize penological security and efficiency." (Mem. in Opp'n to First Mot. for Prelim. Inj. at 9); *see also Goff*, 60 F.3d at 520 (stating that "in the prison context, a request for injunctive relief must always be viewed with great caution" given the "complex and intractable problems of prison administration" (internal quotation marks omitted)); *Wickner*, 2010 WL 98940, at *2

7

(noting that reluctance to grant injunctive relief "is particularly pronounced where a state prisoner seeks relief in federal court").

Finally, the fourth *Dataphase* factor—the public interest—weighs in favor of Defendants. There is no evidence that Defendants have violated the law and "it is in the public interest for courts to exercise judicial restraint when considering a preliminary injunction in the prison context due to the 'complex and intractable problems of prison administration.'" *Rivera v. Kalla*, No. 12-cv-1479 (MJD/FLN), 2012 WL 7761498, at *6 (D. Minn. Dec. 12, 2012) (Noel, Mag., J.) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)), *adopted by* 2013 WL 1104786 (Mar. 18, 2013) (Davis, C.J.).

In conclusion, because Hines is not likely to succeed on the merits of an Eighth Amendment claim, and because the balance of harms and public interest weigh against awarding preliminary relief, the Court recommends the First Motion for Preliminary Injunction be denied.

### 2. Second Motion for Preliminary Injunction

Hines recently filed his Second Motion for Preliminary Injunction, and Defendants have not yet had an opportunity to respond. Nonetheless, the Court recommends denying the motion without prejudice. Hines's Second Motion for Preliminary Injunction primarily relates to matters outside the Complaint and matters that, as discussed below, Hines wants to add to this case. *See* (Decl. in Supp. of Pl.'s Mot. for a TRO & Prelim. & Perm. Inj.) [Doc. No. 100]. But "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471. This is true even when a party "raises a serious issue" because "the purpose of a preliminary injunction is to protect the plaintiff from harms alleged **in the complaint** while litigation is pending." *Frye v. Minn. Dep't of Corr.*, No. 05-cv-1327 (JNE/JJG), 2006 WL 2502236, at *1 (D.

Minn. Aug. 29, 2006) (Graham, Mag. J., as adopted by Ericksen, J.). Therefore, the Court recommends Hines's Second Motion for Preliminary Injunction be denied without prejudice.

As discussed below, the Court recommends Hines's Motions to Amend be granted, and Hines may file a new motion for preliminary injunctive relief after he files his amended complaint. The Court notes, however, that in both of the Motions for Preliminary Injunction in this case, as well as a similar motion in another case, Hines seeks preliminary relief by relying only on his conclusory, self-serving statements and declarations. *See Hines v. Roy*, No. 16-cv-352 (DSD/SER), 2016 WL 6818761, at *6 (D. Minn. Oct. 25, 2016) (Rau, Mag. J.), *adopted by* 2016 WL 6821071 (Nov. 17, 2016) (Doty, J.). In seeking preliminary relief, it is Hines's burden to show that preliminary injunctive relief is warranted. *See Watkins*, 346 F.3d at 844. Further, the Court must exercise restraint when considering injunctive relief against a prison due to its unique administrative difficulties. *Goff*, 60 F.3d at 520 (internal quotation marks omitted). Thus, Hines is cautioned that his current method of inundating the Court with self-serving statements does not typically allow the Court to award Hines the type of relief he seeks.

### III.  MOTIONS TO AMEND

In his most recent filing, Hines explains that he wants to amend his complaint to add allegations that he was raped at MCF-OPH. *See generally* (Mot. to Amend–97). He proposes that he will file a proposed amended complaint "with only paragraphs of the complaint that the motion proposed to amend . . . adding all names and facts to new complaint." (*Id.* at 3). He argues that any amended complaint should relate back to his initial filing date. (*Id.* at 10). Based on these assertions, the Court understands that Hines wants to withdraw his previous motions to amend and seeks the Court's permission to file a supplemental complaint. *See generally* (*id.*).

Hines's Motions to Amend filed after Defendants' Motion to Dismiss complicate the procedure of how the Court must review the both the Motions to Amend and the Motion to Dismiss. "The Eighth Circuit has held that, as a procedural matter, it is plainly erroneous for a district court to grant a motion to dismiss, and then deny a pending motion to amend as moot, without consideration of the merits of the motion to amend." *Besett v. Wadena County*, No. 10-cv-934 (JRT/LIB), 2010 WL 5439720, at *6 (D. Minn. Dec. 7, 2010) (Brisbois, Mag. J.), *adopted by* 2010 WL 5441937 (Tunheim, J.) (Dec. 28, 2010); *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [the plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint."). The Court considers the Motions to Amend before addressing the Motion to Dismiss. *See Besett*, 2010 WL 5439720, at *6.

### A. Legal Standard

Hines's Motions to Amend implicate Federal Rules of Civil Procedure 15(a) and (d). Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Good reasons for denying leave to amend include: undue delay, bad faith, dilatory motive, futility, and repeated failure to cure deficiencies despite previously allowed amendments. *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999). While there is no absolute right to amend, "a motion to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses." *Id.*

at 908 (internal quotation marks omitted). "Whether to grant a motion for leave to amend is within the sound discretion of the court." *Id.*

> Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and states:
>
> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Court has broad discretion to determine whether a supplemental pleading is permissible. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). "[A] party should not be permitted to supplement a pleading where the supplementation would hinder judicial efficiency, prejudice the rights of other parties to the action, or would insert a frivolous claim." *Schneeweis v. Nw. Tech. Coll.*, No. 97-cv-1742 (JRT/RLE), 1998 WL 420564, at *13 (D. Minn. June 1, 1988) (Erickson, Mag. J.) (citing *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997); *Cohen v. Reed*, 868 F. Supp. 489, 497 (E.D.N.Y. 1994)).

### B.   Analysis

Because Hines did not seek to amend his compliant until after Defendants were served, he is not permitted to amend his complaint "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1)(A). Thus the Court must consider whether an amended or supplemental complaint is warranted. *See* Fed. R. Civ. P. 15(a)(2), (d). The Court concludes that Hines may amend his complaint "to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. Although Hines did not submit a proposed complaint, his most recent filing contains detailed factual allegations and the there is nothing at this stage that suggests the claims are clearly frivolous or that any of the other typical reasons to deny an amendment are present in this

case. *See Becker*, 191 F.3d at 907–08; *see generally* (Mot. to Amend–97). Further, amendment of the complaint is warranted because Hines is seeking to add factual allegations that Defendants have violated his constitutional rights under the Eighth Amendment in a similar manner to the allegations in his Complaint—by failing to protect him from other inmates. *See* (Mot. to Amend–97). The Court concludes the Defendants would not be prejudiced by an amended complaint in light of the early stage of this case. Denying Hines an opportunity to amend his complaint would likely result in Hines filing a new case in this District, which in turn would cause Defendants to file another motion to dismiss and would result in a delayed adjudication of the claims Hines raised and is attempting to raise.

While the Court grants the Motions to Amend, Hines's additional allegations are addressed in his memorandum, and not in a separate pleading. The Court, therefore, orders Hines to file an amended complaint, **not** a supplemental compliant. The amended complaint must be filed within thirty days of the order adopting this report and recommendation and must include any claims Hines intends to pursue from the Complaint as well as the claims identified in the most recent Motion to Amend. *See* LR 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading.").

### IV.    MOTION TO DISMISS

Correspondingly, the Court recommends denying the Motion to Dismiss as moot. *See Pure Country*, 312 F.3d at 956 ("If anything, [the plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint."). The Court acknowledges that at times courts have treated a proposed amended complaint as the operative complaint for the purposes of an already-filed motion to dismiss, and have then proceeded to consider whether the defendant is nonetheless entitled to dismissal. *See Besett*, 2010 WL

12

5439720, at *6. This option, however, is not available in this case because Defendants have not addressed the impact of the most recent Motion to Amend on their Motion to Dismiss. Further, Hines intends to add additional defendants—who will then need to be served—as well as new substantive factual allegations. To review Defendants' pending Motion to Dismiss would not significantly advance this case because Defendants are likely to file another motion to dismiss in response to the amended complaint. The Court concludes it is more prudent to establish the operative complaint before considering dispositive motions. Therefore, the Court recommends the Motion to Dismiss be denied as moot.

## V.     RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Fredrick Dewayne Hines's ("Hines") First Motion for Preliminary Injunctive Relief [Doc. No. 18] be **DENIED**;

2. Defendants' Motion to Dismiss [Doc. No. 49] be **DENIED as moot**;

3. Hines's Motions to Amend [Doc. Nos. 68, 80, 97] be **GRANTED**;

4. Hines's Motion for Preliminary Injunction [Doc. No. 99] be **DENIED without prejudice;** and

5. If this Report and Recommendation is adopted, Hines must file an amended complaint within **thirty (30) days** of an order adopting this Report and Recommendation. The filing of the amended complaint will serve the current Defendants through CM/ECF. Because Hines is proceeding *in forma pauperis*, he is entitled to have the Court effectuate service on the newly named defendants

identified in his amended complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Therefore, after Hines files his amended complaint:

a. The Clerk's Office must provide Hines with Marshal Service Forms (Form USM-285) for each of the new defendants.

b. Hines must submit a properly completed Marshal Service Form for each new defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's "responsibility to provide proper addresses for service on [the defendants]").

c. If Hines does not satisfy this requirement within thirty (30) days of filing his amended complaint, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b). If Hines does satisfy this requirement in a timely manner, the Clerk of Court will seek waiver of service from the newly added defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

      d.      A copy of this Report and Recommendation, the order adopting it, and the amended complaint shall be served together with the Notice of Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons.

      e.      Each defendant on whom service of process is properly effected, and each defendant who waives service, will be required to file a response to Hines's amended complaint.

Dated: October 23, 2017

                                    *s/Steven E. Rau*
                                    STEVEN E. RAU
                                    United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).