UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fredrick Dewayne Hines,

      Plaintiff,

v.

Michelle Smith, Tammy Wherely, David Rhesuis, Shar Mike, Sherilinda Wheeler, Unknown Magadanz, and Dan Meyer,

      Defendants.

Case No. 16-cv-3797 (DSD/SER)

REPORT AND RECOMMENDATION

---

STEVEN E. RAU, United States Magistrate Judge

This matter is before the Court on Plaintiff Fredrick Dewayne Hines's ("Hines") Motion for Preliminary Injunction [Doc. No. 121].[1] This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the motion.

## I.  BACKGROUND

### A.  Factual Background

Hines is a prisoner confined in the Minnesota Correctional Facility in Oak Park Heights, Minnesota ("MCF-OPH"). (Compl.) [Doc. No. 1 ¶ 3]. He alleges that the Minnesota Department of Corrections (the "DOC") transferred him from the Minnesota Correctional Facility in Stillwater ("MCF-Stillwater") to MCF-OPH allegedly because of "bed space." (*Id.* ¶¶ 11, 13).

---

[1] Hines titled this document "Plaintiff's Motion for TRO and Preliminary Injunction." The Court refers the motion as one for a preliminary injunction, however, because Defendants received notice of the motion and responded accordingly. *See* Fed. R. Civ. P. 65(a)–(b); (Defs.' Mem. of Law in Opp'n to Mot. for Prelim. Inj.) [Doc. No. 129]. Further, although this document was marked "expedited handling requested" when filed, there is nothing in his motion that specifies this request.

Hines nevertheless alleges the real reason he was transferred was in retaliation for his filing of federal lawsuits.[2] *See* (*id.* ¶¶ 11, 41, 105).

Hines alleges inmates assigned to cells near him are located there to intimidate or kill him. *See* (*id.* ¶¶ 18–27, 31, 38, 42, 51, 56, 58, 60, 62–63, 77, 80, 134, 136–37). Hines alleges that he informed various MCF-OPH employees about the threats on his life, but no action was taken. (*Id.* ¶¶ 29–30, 39, 45, 48–49, 55–56, 92, 121, 131–32). Instead, Hines alleges that MCF-OPH employees took further action that endangered his life, such as trying to move him to various areas within MCF-OPH and conspiring with each other and with other inmates to kill him in retaliation for filing a lawsuit. (*Id.* ¶¶ 31, 34, 37–39, 41–42, 56–57, 60, 63, 65, 68, 106, 108, 141, 147).

As a result of the actions described above, Hines alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶¶ 151–57). Hines seeks (1) declaratory judgment; (2) an injunction ordering him to be transferred to one of three specific facilities, that Defendants and other DOC employees be prohibited from harassing him, filing false reports, opening his mail, and retaliating against him; and (3) compensatory and punitive damages. (*Id.* at 32–34).

### B. Procedural Background

In October 2017, this Court recommended denying one of Hines's motions for preliminary injunction, granting Hines's motions to amend his complaint, and correspondingly denying Defendants' motion to dismiss as moot. *See Hines v. Smith*, No. 16-cv-3797 (DSD/SER), 2017 WL 5593526 (D. Minn. Oct. 23, 2017) (Rau, Mag. J.). The Honorable David

---

[2] Specifically, Hines refers to a federal lawsuit where some of the claims Hines makes in this lawsuit were dismissed without prejudice. (Compl. ¶¶ 30, 68); *see Hines v. Roy*, No. 16-cv-352 (DSD/SER), 2016 WL 7163589 (D. Minn. Nov. 11, 2016) (Rau, Mag. J.), *adopted by* 2016 WL 7155738 (Dec. 7, 2016) (Doty, J.).

S. Doty adopted the recommendations. *Hines v. Smith*, No. 16-cv-3797, 2017 WL 5564556 (D. Minn. Nov. 17, 2017). Because the Court granted Hines permission to amend his complaint, the Court also recommended denying two additional motions for preliminary relief without prejudice. *See Hines v. Smith*, 2017 WL 5593526, at *4; *see also* (R&R Dated Nov. 1, 2017) [Doc. No. 108]. Judge Doty also adopted these recommendations. *Hines v. Smith*, 2017 WL 5564556, at *1; (Order Dated Nov. 27, 2017) [Doc. No. 110]. Hines's amended complaint was initially due on December 18, 2017, but he has since sought and received two extensions. *See Hines v. Smith*, 2017 WL 5564556, at *1 (stating on November 17, 2017, that Hines's amended complaint was due in thirty days); (Text Only Order Dated Jan. 8, 2018) [Doc. No. 116] (extending deadline to February 15, 2018); (Text Only Order Dated Feb. 12, 2018) [Doc. No. 120] (extending deadline to April 13, 2018). This Court stated that Hines may file a new motion for preliminary injunction after he files his amended complaint. *Hines v. Smith*, 2017 WL 5593526, at *4. Hines has not yet filed an amended complaint. Nonetheless, he again sought preliminary relief on February 16, 2018, based on grounds unrelated to his Complaint.[3]

In his Motion for Preliminary Injunction, Hines claims that his First and Fourteenth Amendment rights were violated because Defendants have confiscated his legal papers when they transferred him from the Minnesota Correctional Facility in Rush City ("MCF-Rush City") to MCF-OPH. (Mot. for Prelim. Inj. at 1). Hines alleges he is in danger and renews the allegations he made in his previous motions—but not his initial Complaint—that he has been raped while in custody and is suffering from various physical and emotional injuries as a result.[4] (*Id.* at 2). He seeks an order transferring him to the Federal Correctional Institute in Sandstone,

---

[3] The Court received Hines's motion on February 16, 2018, but Hines signed it on February 13, 2016. (Mot. for Prelim. Inj. at 4).

[4] Hines's allegations appear to refer to events at both MCF-Rush City and MCF-OPH.

Minnesota; compelling Defendants to return his legal documents; and ordering Defendants to stop torturing him and retaliating against him. (*Id.* at 3). Hines makes similar allegations in his accompanying memorandum, and in subsequent letters filed with the Court. (Mem. of Law in Supp. of Mot. for Prelim. Inj.) [Doc. No. 122]; (Letters) [Doc. Nos. 125–27].

## II. DISCUSSION

### A. Legal Standard

A preliminary injunction is issued "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

> [W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471. This is true even when a party "raises a serious issue" because "the purpose of a preliminary injunction is to protect the plaintiff from harms alleged **in the complaint** while litigation is pending." *Frye v. Minn. Dep't of Corr.*, No. 05-cv-1327 (JNE/JJG), 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006) (Graham, Mag. J., as adopted by Ericksen, J.).

A preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is

4

especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520 (internal quotation marks omitted); *see also Wickner v. Larson*, No. 09-cv-940 (DWF/JJK), 2010 WL 98940, at *2 (D. Minn. Jan. 11, 2010) (Keyes, Mag. J., as adopted by Frank, J.) (noting that reluctance to grant injunctive relief "is particularly pronounced where a state prisoner seeks relief in federal court").

### B.    Analysis

The Court permitted Hines to amend his complaint, but he has not done so.[5] Therefore, the operative complaint in this case is Hines's initial Complaint. The Complaint, filed on November 1, 2016, alleged that Defendants were deliberately indifferent to Hines's safety while he was incarcerated in MCF-OPH. Since the Complaint was filed, Hines has been incarcerated in other facilities, although he has now returned to MCF-OPH.

The facts on which Hines now seeks injunctive relief are not related to the Complaint. In his Complaint, Hines alleges that in 2016, he was transferred to MCF-OPH in retaliation for filing federal lawsuits, that MCF-OPH employees assigned inmates to cells near his in order to intimidate or kill him, and that the MCF-OPH employees were aware of these threats, did not take action, and conspired with each other and other inmates to kill him. *See* (Compl.). In contrast, the allegations in the instant motion are related to specific incidents that took place in late 2017 or early 2018. Hines alleges that unspecified defendants took his legal documents, ignored his reports of attempted murder and rape in MCF-Rush City, and psychologically torture him. *See, e.g.*, (Mot. for Prelim. Inj. at 2). The Court has repeatedly advised Hines that a motion seeking preliminary relief must be related to the complaint. *See, e.g.*, *Hines v. Smith*, 2017 WL

---

[5]     As previously stated, Hines must amend his complaint on or before April 13, 2018. (Text Only Order Dated Feb. 12, 2018). If he does not, he risks dismissal of this lawsuit. *See Hines*, 2017 WL 5564556, at *1.

5

5593526, at *4; *Hines v. Roy*, 2016 WL 6818761, at *5; *see also Devose*, 42 F.3d at 471. The Court also advised Hines that he may seek preliminary relief **after** amending his complaint. *Hines v. Smith*, 2017 WL 5593526, at *4. Because Hines has not yet filed an amended complaint, and because the allegations in the instant Motion for Preliminary Injunction are not related to the subject of the operative Complaint, the Court recommends that the motion be denied.

### III.  RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Fredrick Dewayne Hines's Motion for TRO and Preliminary Injunction [Doc. No. 121] be **DENIED**.

Dated: March 27, 2018

                                                 *s/Steven E. Rau*
                                                 STEVEN E. RAU
                                                 United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).