## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Fredrick Dewayne Hines,

               Plaintiff,

v.

Michelle Smith, Tammy Wherely, David
Rhesuis, Shar Mike, Sherilinda Wheeler,
Unknown Magadanz, and Dan Meyer,

               Defendants.

**Case No. 16-cv-3797 (DSD/SER)**

**REPORT AND RECOMMENDATION**

STEVEN E. RAU, United States Magistrate Judge

      This matter is before the Court *sua sponte*. For the reasons stated below, the Court

recommends this case be dismissed without prejudice.

## I.    BACKGROUND[1]

      Hines is a prisoner confined in the Minnesota Correctional Facility in Oak Park Heights,

Minnesota ("MCF-OPH"). (Compl.) [Doc. No. 1 ¶ 3]. He alleges that the Minnesota Department

of Corrections (the "DOC") transferred him from the Minnesota Correctional Facility in

Stillwater ("MCF-Stillwater") to MCF-OPH allegedly because of "bed space." (*Id.* ¶¶ 11, 13).

Hines nevertheless alleges the real reason he was transferred was in retaliation for his filing of

federal lawsuits.[2] *See* (*id.* ¶¶ 11, 41, 105).

      Hines alleges inmates assigned to cells near him are located there to intimidate or kill

him. *See* (*id.* ¶¶ 18–27, 31, 38, 42, 51, 56, 58, 60, 62–63, 77, 80, 134, 136–37). Hines alleges that

---

[1]    The factual background is the same as the factual background provided in the Court's
most recent Report and Recommendation. (R&R Dated Mar. 27, 2018, "Mar. 2018 R&R") [Doc.
No. 130 at 1–2].

[2]    Specifically, Hines refers to a federal lawsuit where some of the claims Hines makes in
this lawsuit were dismissed without prejudice. (Compl. ¶¶ 30, 68); *see Hines v. Roy*, No. 16-cv-
352 (DSD/SER), 2016 WL 7163589 (D. Minn. Nov. 11, 2016) (Rau, Mag. J.), *adopted by* 2016
WL 7155738 (Dec. 7, 2016) (Doty, J.).

he informed various MCF-OPH employees about the threats on his life, but no action was taken. (*Id.* ¶¶ 29–30, 39, 45, 48–49, 55–56, 92, 121, 131–32). Instead, Hines alleges that MCF-OPH employees took further action that endangered his life, such as trying to move him to various areas within MCF-OPH and conspiring with each other and with other inmates to kill him in retaliation for filing a lawsuit. (*Id.* ¶¶ 31, 34, 37–39, 41–42, 56–57, 60, 63, 65, 68, 106, 108, 141, 147).

As a result of the actions described above, Hines alleges that Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶¶ 151–57). Hines seeks (1) declaratory judgment; (2) an injunction ordering him to be transferred to one of three specific facilities, that Defendants and other DOC employees be prohibited from harassing him, filing false reports, opening his mail, and retaliating against him; and (3) compensatory and punitive damages. (*Id.* at 32–34).

In October 2017, this Court recommended, among other things, granting Hines's motions to amend his complaint. *See Hines v. Smith*, No. 16-cv-3797 (DSD/SER), 2017 WL 5593526 (D. Minn. Oct. 23, 2017) (Rau, Mag. J.). The Honorable David S. Doty adopted the recommendations. *Hines v. Smith*, No. 16-cv-3797 (DSD/SER), 2017 WL 5564556 (D. Minn. Nov. 17, 2017). The Court advised Hines that failure to file an amended complaint within the requisite time period would result in dismissal of his case without prejudice for lack of prosecution. *Hines*, 2017 WL 5593526, at *6; *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The Court reiterated the potential for dismissal in its most recent Report and Recommendation. *See* (Mar. 2018 R&R at 5 n.5).

Hines's amended complaint was initially due on December 18, 2017, but he received two extensions of this deadline. *See Hines v. Smith*, 2017 WL 5564556, at *1 (stating on November 17, 2017, that Hines's amended complaint was due in thirty days); (Text Only Order Dated Jan. 9, 2018) [Doc. No. 116] (extending deadline to February 15, 2018); (Text Only Order Dated Feb. 12, 2018) [Doc. No. 120] (extending deadline to April 13, 2018). Since the Court granted Hines's most recent request for extension of time to file his amended complaint, Hines sought preliminary relief, which was denied because—as was the case with his similar motions in the past—the relief he sought was not related to his original complaint, and he had not yet filed an amended complaint. *See* (Mar. 2018 R&R); (Order Dated Apr. 20, 2018) [Doc. No. 135]. To date, Hines has not yet filed an amended complaint.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

"It is well-settled . . . that a federal court has inherent power to dismiss a civil case for want of prosecution." *Grunewald v. Missouri Pac. R.R.*, 331 F.2d 983, 985 (8th Cir. 1964); *see also* Fed. R. Civ. P. 41(b). Such dismissal is within the court's discretion and "must focus on the facts and circumstances of the particular case." *Fitzpatrick v. Hennepin County*, No. 09-cv-1954 (RHK/JJK), 2010 WL 1626906, at *2 (D. Minn. Apr. 21, 2010) (Kyle, J.) (citing *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam); *Navarro v. Chief of Police, Des Moines*, 523 F.2d 214, 217 (8th Cir. 1975) (per curiam)).

Here, Hines sought extensions to file his amended complaint and preliminary relief based on allegations that when he was transferred from one DOC facility to another, his legal papers were not sent to his new location or are otherwise missing. *See, e.g.*, (Letter Dated Jan. 28, 2018) [Doc. No. 119];[3] (Mar. 2018 R&R at 3). To plead a claim, an amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). An amended complaint, however, must rely on the facts of the incidents Hines experienced. It is not necessary, as Hines seems to believe, to submit an extensive cache of documents. *See id.* Thus, the Court finds that there is no reason to continue to keep this case open when it appears that Hines could submit an amended complaint even without his legal papers.

Arguably, Hines's continued communication with the Court shows a desire to continue to prosecute this case. That prosecution, however, cannot take place without an amended complaint. This is especially true because Hines's most recent motion sought relief based on allegations not found in the initial complaint. *See* (Mar. 2018 R&R at 5). Further, he continues to file letters regarding new allegations. *See, e.g.*, (Letter Dated Apr. 13, 2018) [Doc. No. 136].[4] In other words, Hines's communications with the Court express a desire to prosecute a different—or at least, more expansive—case than the one he initially filed. The Court has advised Hines that to move forward with a more expansive case, he must file an amended complaint. *Hines*, 2017 WL 5593526, at *5–6; (Mar. 2018 R&R at 5 n.5). And because the Court has not received an amended complaint, the Court concludes that Hines appears to have abandoned both his original claims and the claims he intended to add.

---

[3]     This letter was received and filed by the Court on February 6, 2018.
[4]     This letter was received and filed by the Court on April 20, 2018.

4

The Court recommends that this case be dismissed without prejudice to allow Hines to file a new complaint in a new case when he is ready to do so. *Cf. DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (internal quotation marks omitted) (stating that dismissal with prejudice "is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff" and "should only be used when lesser sanctions prove futile").

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 26, 2018

 *s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).