UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3797(DSD/SER)

FREDRICK DEWAYNE HINES,

       Plaintiff,

v.                                     **ORDER**

MICHELLE SMITH, Warden, "MNDOC"
Oak Park Heights; TAMMY WHERELY,
Associate Warden Administration;
DAVID RHESUIS, Associate Warden
Operation; SHAR MIKE, Program
Director ACU/CX-5 Units;
SHERILINDA WHEELER, Program
Director; UNKNOWN MAGADANZ,
Lieutenant ACI/CX-5, CX-7 Units;
and Dan Meyer, Lieutenant
ACU-CX-5 Units, individually and
in their official capacities,

       Defendants.

This matter is before the court upon pro se plaintiff Fredrick Dewayne Hines's objection to the April 26, 2018, report and recommendation (R&R) of Magistrate Judge Steven E Rau, and application to proceed on appeal in forma pauperis. In his report, the magistrate judge recommended that the case be dismissed without prejudice for failure to prosecute.

**BACKGROUND**

The underlying facts are not in dispute and will not be repeated except as necessary. On November 1, 2016, Hines filed a complaint alleging that the Minnesota Department of Corrections (DOC) transferred him from the Minnesota Correctional Facility in Stillwater (MCF-Stillwater) to the Minnesota Correctional Facility

in Oak Park Heights (MCH-OPH) in retaliation for filing federal lawsuits. He also alleges that inmates were assigned to cells near him in order to intimidate or kill him, and that MCF-OPH employees did nothing when he informed them of the threats on his life. He further contends that MCF-OPH employees took other actions to endanger his life and conspired with prisoners to kill him.

On September 19, 2017, Hines filed a motion to amend his complaint because he wished to add defendants and allegations that defendants conspired to confiscate his legal documents and interfere with his ability to pursue his federal claim and raped him. See ECF Nos. 68, 80, 97. On October 23, 2017, the court granted Hines's motion to amend his complaint and directed Hines to file an amended complaint within thirty days. Hines v. Smith, No. 16-3797, 2017 WL 5593526, at *6 (D. Minn. Oct. 23, 2017). The magistrate judge instructed Hines that failure to timely file an amended complaint would result in a recommendation of dismissal. Id. Although his amended complaint was due on December 18, 2017, the court granted Hines two extensions, resulting in a deadline of April 13, 2018. See ECF Nos. 116, 120. Because Hines failed to timely file an amended complaint, the magistrate judge recommended that the case be dismissed without prejudice.

On May 8, 2018, Hines filed a notice of appeal to the Eighth Circuit concerning the court's previous denial of injunctive relief and an application to proceed on appeal in forma pauperis. See ECF

Nos. 135, 141, 143.

**DISCUSSION**

**I. Objections**

The court reviews the R&R de novo. 28 U.S.C. § 636 (b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct.

First, Hines objects to the R&R arguing that the defendants confiscated the amended complaint. The court, however, finds that this claim is not credible in light of the numerous memoranda, motions, and letters that Hines has successfully submitted to the court.

Hines next requests that the court allow his initial complaint to serve as the operative complaint. In the interest of justice and to prevent further delay in adjudicating the merits of Hines's claims, the court will grant the request.[1]

**II. IFP Application**

A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full

---

[1] The court makes no finding as to whether Hines's initial complaint states sufficient facts to give rise to a claim upon which relief can be granted. The court also notes that it would have adopted the R&R but for Hines's new request to treat the initial complaint as the operative complaint.

filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith."  Id. § 1915(a)(3).

Based upon the IFP application, the court is satisfied that Hines is financially eligible for IFP status.  The court assesses "an initial partial filing fee of twenty percent of the greater of ... the average monthly deposits to the prisoner's account[] or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the ... notice of appeal."  Id. § 1915(b)(1).  Hines's trust account certificate shows that the average monthly deposits for the preceding six months was $0.97, and his average monthly balance for the preceding six months was zero dollars.  See ECF No. 143. Therefore, the court calculates that Hines's initial partial filing fee is $0.19, plus continuing monthly payments in accordance with 28 U.S.C. § 1915(b).

Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith."  28 U.S.C. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous.  Id. at 445.

4

An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Hines's motion for injunctive relief was properly denied, his appeal is not frivolous as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken in good faith for purposes of § 1915(a)(3), and the IFP application will be granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court declines to adopt the R&R [ECF No. 139];

2. The operative complaint in this matter will be the initial complaint that Hines filed on November 1, 2016 [ECF No. 1];

3. The court will consider only those allegations that are contained in the operative complaint; and

4. The application to proceed in forma pauperis on appeal [ECF No. 143] is granted.

Dated: May 15, 2018

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court